IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br>　　　　　　Plaintiff,<br><br>v.<br><br>BARTASH PRINTING, INC., a corporation; VQ MANAGEMENT, INC., d/b/a MANAGED STAFFING, INC. and BEST STAFF, INC., a corporation; TROY NGUYEN, a/k/a TROY UON and QUOC VO, individually and as Owner and/or Manager of VQ MANAGEMENT, INC.<br>　　　　　　Defendants. | Civil Action No. |

## COMPLAINT

The Acting Secretary of Labor ("Plaintiff") brings this action to enjoin Defendants BARTASH PRINTING, INC., a corporation; VQ MANAGEMENT, INC., d/b/a Managed Staffing, Inc. and Best Staff, Inc., a corporation; and TROY NGUYEN, a/k/a Troy Uon and Quoc Vo, individually and as Owner and/or Manager of VQ Management, Inc. (hereinafter collectively referred to as "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of backwage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Bartash Printing, Inc. ("Bartash") is a Pennsylvania corporation with its principal place of business at 5400 Grays Avenue, Pennsylvania, 19143 within the jurisdiction of this Court. Bartash is in the business of, among other things, internet and mobile publishing and printing and nationally distributing magazines, newspapers, advertisements.

III.

Defendant VQ Management, Inc., d/b/a Managed Staffing, Inc. and Best Staff, Inc., ("VQ Management") is a Pennsylvania corporation with its principal place of business at 2900 S. 62nd St., Philadelphia, Pennsylvania, 19142 within the jurisdiction of this Court. VQ Management is a temporary help staffing agency that, among other things, supplied temporary employees to work at Bartash's printing facility at relevant times herein.

IV.

Defendant Troy Nguyen, a/k/a Troy Uon and Quoc Vo, ("Nguyen") is an owner and/or manager of VQ Management and maintains an office at 2900 S. 62nd St., Philadelphia, Pennsylvania, 19142, which is within the jurisdiction of this Court. On behalf of VQ Management, Nguyen signed the most recent contract between VQ Management and Bartash. On behalf of VQ Management, among other things, Nguyen drove temporary help employees to work at Bartash's printing facility, communicated

with Bartash about its needs for temporary help employees, and paid substandard wages described herein to certain temporary help employees who worked at Bartash's printing facility.

V.

The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

VI.

At all times hereinafter mentioned, Defendants have employed employees in and about their places of business in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all time hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 per year. Therefore, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

VII.

Defendants' employees worked in Bartash's printing facility within the jurisdiction of this Court. The employees, supplied to Bartash by VQ Management provided general labor or worked as machine operators on machines that perform various printing and processing tasks to complete customers' printing orders at Bartash's printing facility.

VIII.

Defendants willfully and repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act by paying many of their employees employed as general laborers and as machine operators in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages under Section 17 of the Act. For example, Defendants improperly paid certain workers an hourly rate of $6.25, a wage rate less than the applicable statutory minimum rate prescribed in Section 6 of the Act, from at least June 2015 through May 8, 2016.

IX.

Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing many employees as general laborers and as machine operators in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours per week without compensating said employees in such workweeks at rates not less than one and one-half times the wage required under Section 6 of the Act. Therefore, Defendants are liable for unpaid overtime compensation under Section 17 of the Act. For example, from at least January 2014 through April 2014, some employees worked between 48 to 56 hours during certain workweeks. Defendants paid those employees $6.25 per hour for all hours worked during those workweeks, including hours worked over 40. Defendants therefore paid those employees for overtime hours at a rate below one and one half times the applicable minimum wage.

X.

Defendants willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516; specifically, Defendants failed to keep accurate records of hours worked by and wages due to many of their employees. For example, Defendants failed to make, keep, and preserve complete time and payroll records for their general laborers and machine operators.

XI.

Since at least November 2013, Defendants have willfully and repeatedly violated the provisions of the Act as alleged in paragraphs VIII. through X. above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

XII.

As a result of the violations alleged in paragraphs VIII. through X. above, amounts are owing for Defendants' current and former employees including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

XIII.

A judgment granting recovery of said amounts is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants pursuant to Section 17 of the Act permanently enjoining and

restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

The Secretary further demands judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period November 3, 2013 through May 8, 2016. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 8, 2016, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor.

Respectfully submitted,

Post Office Address:

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5130
(215) 861-5162 (fax)
abdoveis.elaine.m@dol.gov
zzsol-phi-docket@dol.gov

Oscar L. Hampton III
Regional Solicitor

*/s/ E.M. Abdoveis*
Elaine M. Abdoveis
Attorney
PA ID #311468

U.S. DEPARTMENT OF LABOR

Date: March 30, 2017